■ KATHLEEN BRYAN et al., Appellants, v. CARL BEGELMAN et al., Respondents.— In a negligence action to recover damages for personal injuries and loss of services, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered June 26, 1970, in favor of defendants, upon a jury verdict after trial on the issue of liability only. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. In our opinion, it was reversible error to leave it to the jury to determine, on a trial of the issue of liability only, whether the impact between the vehicles had caused plaintiff Kathleen Bryan's injuries. It was reversible error to instruct the jury that plaintiffs' daughter had testified only for the purpose of helping plaintiffs to recover and had given evidence with the design of securing judgments against all the defendants. Last, in view of the evidence given by the defendant drivers, it was reversible error to instruct the jury that, if they rejected the testimony of plaintiffs' daughter, the verdict was to be in favor of defendants. Rabin, P. J., Hopkins, Martuscello, Latham and Gulotta, JJ., concur.

■ CHARLES E. BURGESS, an Infant, by THEODORE R. BURGESS, SR., et al., Respondents, v. LONG ISLAND RAILROAD COMPANY, Appellant.— In an action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Suffolk County, entered July 29, 1971, which granted its motion, pursuant to CPLR 3012 (subd. [b]), to dismiss the action, unless plaintiffs had served a complaint within 10 days after the date of the decision. Order modified by striking therefrom everything following the words that the motion is "granted". As so modified, order affirmed, with $10 costs and disbursements to appellant. The record discloses that plaintiffs failed to serve their complaint for a period of nine months after a demand therefor by defendant. Plaintiffs also defaulted upon the motion by defendant to dismiss the action, offering neither an excuse for their failure to serve the complaint nor an affidavit of merits. Under these circumstances, Special Term abused its discretion in granting the motion to dismiss conditionally (*Wemple* v. *Cadoret,* 29 A D 2d 1033; *Schwartz* v. *National Fire Ins. Co. of Hartford,* 25 A D 2d 727; *Waldron* v. *Ward,* 24 A D 2d 470). Rabin, P. J., Hopkins, Martuscello, Latham and Gulotta, JJ., concur.